**IN THE COURT OF APPEALS OF IOWA**

No. 15-2054
Filed March 9, 2016

**IN THE INTEREST OF E.D. AND J.D.,**
**Minor Children,**

**H.B., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Sylvia A. Lewis, Judge.

A mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

Sandra R. Hart of Hart Law, P.C., North Liberty, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her two children, born in 2007 and 2008. She contends (1) the record lacks clear and convincing evidence to support the ground for termination cited by the district court and (2) "the court erred when a Permanency Order for the Child in Need of Assistance (CINA) cases were never entered prior to the filing of the Petition to Terminate Parental Rights by the State." The mother concedes the second issue was not preserved for our review. Accordingly, we will only consider the first issue.

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2015). This provision requires proof of several elements, including proof the children cannot be returned to the parent's custody. Our de novo review of the record reveals the following facts.

The mother was thirty-six years old at the time of the termination hearings. She used methamphetamine "off and on" from the time she was fifteen. She also experimented with alcohol, marijuana, synthetic marijuana, ecstasy, and cocaine.

The department of human services became involved with the family in 2013 after the children were found outside—lost and without supervision. The children were returned to their parents' care, and the family received departmental services into the summer of 2014.

Two months after the department ended its services, the district court was presented with a request for emergency removal of the children based on the father's severe abuse of the mother as well as evidence of drug use in the home. The court granted the request. The mother later stipulated to an adjudication of

the children as children in need of assistance. The court transferred the children's custody to the department for placement in foster care.

The children remained in foster care throughout the proceedings. The mother visited them on a supervised or semi-supervised basis. A service provider testified she appeared to be high during certain visits.

The mother was inconsistent in attending treatment groups and mental health appointments. She also acknowledged missing seventeen of nineteen drug tests administered by the department and said she had "no good excuse" for doing so.

The mother relapsed twice, the second time just two months before the termination hearing. On that occasion, she was arrested for possession of methamphetamine and spent a short period in jail. The criminal charge was still pending as of the dates of the termination hearings.

Although the mother appeared to re-engage in treatment following her arrest and release from jail, the professionals who worked with her testified she was not ready to have the children returned to her custody. The service provider who supervised visits stated, "I don't know if I've necessarily believed that she's had a consistent amount of time being sober throughout the case." The department caseworker explained the mother was given time to show she was committed to a sober lifestyle and "nothing has changed in over the past year."

The record contains clear and convincing evidence to support termination of the mother's parental rights pursuant to Iowa Code section 232.116(1)(f). We affirm the district court's termination order.

**AFFIRMED.**